## Samuel Jones v. The People of State of Illinois.

1. CRIMINAL PROSECUTION FOR WIFE ABANDONMENT—*what evidence incompetent in.* Evidence that the defendant, prior to the alleged abandonment, made a trip taking with him a woman other than his wife, is incompetent in an action for wife abandonment.

2. WIFE ABANDONMENT—*when instruction in prosecution for, improperly modified.* An instruction asked by the defendant, in which he attempted to define the law governing the right of the husband to change his residence and the duty of his wife to accompany him to the place where he desired to live, is improperly modified by adding the clause, "providing the husband provides as comfortable a new home for her as his circumstances will permit."

3. HUSBAND—*extent of duty of, to provide a home for his wife.* The husband is only bound to provide for his wife such a reasonably comfortable home as is consistent with his means and their station in life.

Criminal prosecution for wife abandonment. Error to the Circuit Court of St. Clair County; the Hon. R. D. W. HOLDER, Judge, presiding. Heard in this court at the August term, 1904. Reversed and remanded. Opinion filed March 17, 1905.

WISE & McNULTY, for plaintiff in error; A. A. HUNT, of counsel.

JAMES A. FARMER, State's Attorney, for defendant in error.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

This was a criminal prosecution brought against plaintiff in error on complaint of his wife, under the statute relative to wife abandonment. He was arrested in December, 1903, and bound over to the Circuit Court by the justice of the peace. Afterwards, on March 2, 1904, he was indicted by the grand jury, the two counts of the indictment charging that he did on the 18th day of October, 1903, unlawfully and without good cause, abandon and neglect and refuse to maintain and provide for his wife Anna Jones. On the trial the jury returned a verdict of guilty and he was sen-

4

tenced to pay his wife $100 and also a further sum of $15 a week for a period of one year, and to pay the costs.

The statute under which plaintiff in error was indicted provides "That every person who shall without good cause, abandon his wife and neglect and refuse to maintain and provide for her, shall be deemed guilty of a misdemeanor, etc." Upon the trial evidence was admitted on the part of the people, over the objection of plaintiff in error, showing that in April, 1903, plaintiff in error had gone to Kansas City, Missouri, with a woman who was not his wife; that on the trip he occupied the same berth in the sleeping car with her and the same room in the hotel at Kansas City. This evidence was improper and should not have been admitted, as it may have had some influence upon the verdict in the case. The misconduct of the husband occurred some six months before the time he is charged with having abandoned his wife and reprehensible as it may have been, it did not tend to show either abandonment by plaintiff in error of his wife at the time alleged, or failure on his part to support her. Had it appeared that he was maintaining illicit relations with another woman at the time of the alleged abandonment or afterwards, the evidence might well have been admitted as tending to show that plaintiff was in fact guilty of abandoning his wife and the reason therefor. But the fact that he was guilty of improper conduct so long a period prior to the alleged abandonment, when he and his wife lived together thereafter and such conduct is not shown to have had any relation to the alleged abandonment, could have no proper bearing upon the case.

At the time of the alleged abandonment the couple were living in East St. Louis, and plaintiff in error introduced evidence tending to show that he, for reasons of his own, desired his wife to go to St. Louis, Missouri, to reside and that he provided a new home for her there. Upon this question plaintiff in error offered an instruction in which he attempted to define the law governing the right of the husband to change his residence and the duty of his

wife to accompany him to the place where he desired to live. This instruction the court gave after modifying it, by inserting the following, "providing the husband provides as comfortable a new home for her as his circumstances will permit." This modification was manifestly improper, as it is not the duty of the husband under such circumstances, to provide the most comfortable home for his wife which his circumstances permit, but he need only provide his wife such a reasonably comfortable home as is consistent with his means and their station in life.

Under the above instruction as modified, the jury were privileged to determine whether or not the husband had provided the most comfortable home for his wife in St. Louis, which his circumstances would admit of and if they concluded that he had not done so then, notwithstanding the fact that the home provided may have been reasonably comfortable according to his means and the station of the couple in life, they could determine that on that account the wife was under no obligation to accompany the husband to the new home. Such is not the law and the court erred in so modifying the instruction.

This case was an exceedingly close one upon the facts and it was therefore necessary that the admission of evidence which might influence the verdict should be carefully guarded and that the instructions should correctly state the law.

For the errors above noted the judgment will be reversed and the cause remanded.

*Reversed and remanded.*